**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In Re:**

    **Settlement Facility Dow Corning Trust,**

                                                                                          **Case No. 08-CV-10510**

    **Nina Rowland,**                                         **Honorable Denise Page Hood**

                **Appellant.**

_____/

**MEMORANDUM OPINION AND ORDER**

**I.**     **BACKGROUND**

Claimant Nina Rowland is a rupture claimant before the Settlement Facility–Dow Corning Trust ("SF-DCT") pursuant to the Amended Joint Plan of Reorganization ("Plan") in the Dow Corning Corporation ("Dow Corning") bankruptcy action. Ms. Rowland received implants manufactured by Dow Corning on March 29, 1972. Ms. Rowland's implants were removed on July 6, 1994. Rowland submitted a rupture claim to the SF-DCT which was eventually denied by the Claims Administrator. Ms. Rowland appealed the Claims Administrator's decision to the Appeals Judge. The Appeals Judge affirmed the Claims Administrator's decision on November 6, 2007. (Rowland Notice of Appeal Ex.) Ms. Rowland submitted a January 21, 2008 letter to the Court appealing the Appeals Judge's decision.

On February 22, 2008, Dow Corning filed the instant Motion to Dismiss the Appeal pursuant to the Settlement Facility and Fund Distribution Agreement ("SFA"), Annex A, Section 8.05 and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Ms. Rowland filed a letter response to the motion, submitting a copy of the Pathologist Report. Dow Corning submitted a reply to Ms. Rowland's letter.

## II. ANALYSIS

Ms. Rowland seeks a review from the Court to determine whether anything can be done to approve her claim. Ms. Rowland submitted a copy of the Pathologist Report. Ms. Rowland's papers do not cite any legal authority to support her argument that the Court has the authority to review the Appeals Judge's decision.

Dow Corning argues that the settlement program in the Plan is intended to be an administrative process for claimants who elect to have their claims resolved under the settlement option. Dow Corning claims that the Plan delegates decisions regarding allowance of settling claims to the Claims Administrator and the SF-DCT staff. (SFA, § 4.02(a)) A claimant who does not agree with the SF-DCT findings may seek reconsideration of the claim through an error correction and appeal process. (SFA, Annex A, Art. VII) If dissatisfied with the reconsideration decision, the claimant may seek review by the Claims Administrator and then appeal that decision to the Appeals Judge. (SFA, Annex A, § 8.02) The decision of the Appeals Judge is final and binding on the claimant. (SFA, Annex A, § 8.05) Dow Corning claims that the claimant has exhausted her remedies under the Plan and her attempt to appeal the Appeals Judge's decision is barred by the Plan.

Section 8.7 Amended Plan of Reorganization states that this Court retains jurisdiction to resolve controversies and disputes regarding the interpretation and implementation of the Plan and the Plan Documents, including the SFA, and, to enter orders regarding the Plan and Plan Documents. (Plan, §§ 8.7.3, 8.7.4, 8.7.5) The Plan provides for the establishment of the SF-DCT, which is governed by the SFA. (Plan, § 1.131) The SF-DCT was established to resolve Settling Personal Injury Claims in accordance with the Plan. (Plan, § 2.01) The SFA and Annex A to the SFA

establish the exclusive criteria by which such claims are evaluated, liquidated, allowed and paid. (SFA, § 5.01) Resolution of the claims are governed by the SFA and corresponding claims resolution procedures in Annex A. (SFA, § 4.01)

The Plan establishes administrative claim review and appeals processes for Settling Personal Injury claimants. As argued by Dow Corning, any claimant who does not agree with the decision of the SF-DCT may seek review of the claim through the error correction and appeal process. (SFA, Annex A, Art. 8) A claimant may thereafter obtain review by the Appeals Judge. (SFA, Annex A, Art. 8) The Plan provides that "[t]he decision of the Appeals Judge will be final and binding on the Claimant." (SFA, Annex A, § 8.05) Claimants who seek review under the Individual Review Process also have a right to appeal directly to the Appeals Judge. The Plan provides that "[t]he decision of the Appeals Judge is final and binding on both Reorganized Dow Corning and the claimant." (SFA, Annex A, § 6.02(vi))

The Plan provides no right to appeal to the Court in this instance and expressly sets forth that the decision of the Appeals Judge is final and binding on both the Reorganized Dow Corning and the claimants. Allowing the appeal to go forward and directing the Claims Administrator to pay the rupture claim would be a modification of the Plan language. Generally, the provisions of a confirmed plan bind the debtor and any creditor. 11 U.S.C. § 1141(a). Section 1127(b) is the sole means for modification of a confirmed plan which provides that the proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of the plan. 11 U.S.C. § 1127(b).

"In interpreting a confirmed plan courts use contract principles, since the plan is effectively a new contract between the debtor and its creditors." *In re Dow Corning Corporation,* 456 F.3d 668,

3

676 (6th Cir. 2006); 11 U.S.C. § 1141(a). "An agreed order, like a consent decree, is in the nature of a contract, and the interpretation of its terms presents a question of contract interpretation." *City of Covington v. Covington Landing, Ltd. P'ship,* 71 F.3d 1221, 1227 (6th Cir. 1995). A court construing an order consistent with the parties' agreement does not exceed its power. *Id.* at 1228.

The Plan's language is clear and unambiguous that the decision of the Appeals Judge is final and binding on the claimants and the Reorganized Dow Corning. The Court has no authority to modify this language. Although bankruptcy courts have broad equitable powers that extend to approving plans of reorganization, these equitable powers are limited by the role of the bankruptcy court, which is to "guide the division of a pie that is too small to allow each creditor to get the slice for which he originally contracted." *In re Dow Corning,* 456 F.3d at 677-78 (quoting *In re Chicago,* 791 F.2d 524, 528 (7th Cir.1986)). "A bankruptcy court's exercise of its equitable powers is cabined by the provisions of the Bankruptcy Code." *Id.* at 678 (citing *In re Highland Superstores, Inc.,* 154 F.3d 573, 578-79 (6th Cir.1998)). Ms. Rowland has not shown that the Court has the authority to exercise its equitable powers outside the clear and plain Plan language. The Court cannot consider Ms. Rowland's request to review the Appeals Judge's decision denying her claim.

Even if the Court had the authority to review the Appeals Judge's decision, the Pathologist Report submitted by Ms. Rowland indicates that there was no evidence of rupture in either implant. The Pathologist Report appears to support the Appeals Judge's finding that Ms. Rowland had not supported her claim that the implants were ruptured.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Dow Corning's Motion to Dismiss the Appeal from the Appeals Judge's decision (**Doc. No. 2, 2/28/2008**) is GRANTED since Ms. Rowland has no right to appeal the Appeals Judge's decision.

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

*/s/ Denise Page Hood*
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2008

---

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on this date, September 30, 2008, by electronic means and/or first class U.S. mail.

S/Sakne Srour
Deputy Clerk